1  Andrew C. Schwartz (State Bar No. 64578)
   **CASPER, MEADOWS, SCHWARTZ & COOK**
2  A Professional Corporation
   2121 North California Blvd., Suite 1020
3  Walnut Creek, California 94596
   Telephone: (925) 947-1147
4  Facsimile: (925) 947-1131
   schwartz@cmslaw.com
5
   Karen L. Snell (State Bar No. 100266)
6  Attorney at Law
   102 Buena Vista Terrace
7  San Francisco, CA 94117
   Telephone: (415) 225-7592
8  Facsimile: (415) 487-0748
   ksnell@clarencedyer.com
9
   Attorneys for Plaintiffs
10

11                 UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13

14  LANCE JOHNSON, JOSEPHINE ANADOLA       CASE NO.   C09-01241 WHA
    JOHNSON and ARTHUR LEE,
15
           Plaintiffs,
16                                          **PLAINTIFFS' MOTION FOR PARTIAL**
    vs.                                     **SUMMARY JUDGMENT AGAINST**
17                                          **DEFENDANTS COUNTY OF CONTRA**
    THE COUNTY OF CONTRA COSTA,             **COSTA, JEFF MOULE AND BRIAN**
18  CITY OF ANTIOCH, CONTRA COSTA           **GARDNER**
    COUNTY SHERIFF SGT. J. MOULE (DOE
19  1); CONTRA COSTA COUNTY SHERIFF         **DATE: August 19, 2010**
    CORPORAL BRIAN GARDNER (DOE 2);         **TIME: 8:00 A.M.**
20  CONTRA COSTA COUNTY SHERIFF
    DETECTIVE WESTERMANN (DOE 3);
21  CONTRA COSTA COUNTY SHERIFF
    DETECTIVE CHRIS MARTINEZ (DOE 4);
22  CONTRA COSTA COUNTY SHERIFF
    DETECTIVE GIBSON (DOE 5); CONTRA
23  COSTA COUNTY SHERIFF DETECTIVE
    VORHAUER (DOE 6); ANTIOCH POLICE
24  DETECTIVE VINCELET (DOE 7); ANTIOCH
    POLICE DETECTIVE MORTIMER (DOE 8);
25  ANTIOCH POLICE DETECTIVE
    WISECARVER (DOE 9); and DOES 10
26  through 100,

27           Defendants.

28

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Johnson vs. County Of Contra Costa*   C09-01241 WHA
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST COUNTY OF CONTRA COSTA

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANTS COUNTY OF CONTRA COSTA, GARDNER AND MOULE .......................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANTS COUNTY OF CONTRA COSTA, GARDNER AND MOULE ................................... 1

    I.       ISSUES TO BE DECIDED ......................................................................... 1-2

    II.     INTRODUCTION ..................................................................................... 2-3

    III.    STATEMENT OF FACTS .......................................................................... 3-8

    IV.    SUMMARY JUDGMENT SHOULD BE RENDERED ON LIABILITY ON PLAINTIFFS' FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS MOULE AND GARDNER ................................................. 8-14

        A.     Legal Standard ............................................................................. 8

        B.     The Warrant Was Invalid ........................................................... 8-10

        C.     Obtaining a Warrant Does Not Immunize An Officer From Liability Where a Reasonably Well-Trained Officer Would Have Known That The Warrant Was Not Supported By Probable Cause ............................ 10-12

        D.     Both The Affiant And The Search Leader Are Liable When A Reasonably Well-Trained Officer Would Have Known That The Warrant Was Invalid ............................................................... 12

        E.     It Is Improper To Consider Facts That Were Not Included In the Affidavit In Evaluating The Validity Of A Warrant ..................................... 12-13

        F.     Defendants Are Liable to Plaintiffs For All Damages Resulting From The Execution Of The Invalid Warrant ..................................................... 13-14

    V.    SUMMARY JUDGMENT SHOULD BE RENDERED ON LIABILITY ON PLAINTIFFS' SECOND CLAIM FOR RELIEF AGAINST DEFENDANT MOULE ............................................................................. 14-15

    VI.    SUMMARY JUDGMENT SHOULD BE RENDERED ON LIABILITY ON PLAINTIFFS' FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS COUNTY OF CONTRA COSTA, MOULE AND GARDNER .............................................................................................. 15-16

    VII.   SUMMARY JUDGMENT SHOULD BE RENDERED ON LIABILITY ON PLAINTIFFS' NINTH CLAIM FOR RELIEF AGAINST DEFENDANTS COUNTY OF CONTRA COSTA, MOULE AND GARDNER .............................................................................................. 17

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Johnson vs. County Of Contra Costa*   C09-01241 WHA
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

i

VIII. SUMMARY JUDGMENT SHOULD BE RENDERED ON LIABILITY ON PLAINTIFFS' TENTH CLAIM FOR RELIEF AGAINST DEFENDANTS COUNTY OF CONTRA COSTA, MOULE AND GARDNER.............................................................................................. 17-18

IX. CONCLUSION.......................................................................................... 18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Johnson vs. County Of Contra Costa* C09-01241 WHA
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

ii

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Groh v. Ramirez,*
   540 U.S. 551 (2004) .......................................................................................................9, 12

*Illinois v. Gates,*
   462 U.S. 213 (1983) .............................................................................................................9

*Jackson v. City of Bremerton*
   268 F.3d 646 (9th Cir. 2001) ...............................................................................................8

*Johnson v. Duffy,*
   588 F.2d 740 (9th Cir. 1978) .............................................................................................14

*Kentucky Fried Chicken of Cal. v. Superior Court,*
   14 Cal.4th 814 (1997)........................................................................................................17

*KRL v. Estate of Moore,*
   512 F.3d 1184 (9th Cir. 2008) .....................................................................................10, 12

*Ladd v. County of San Mateo,*
   12 Cal.4th 913 (1996)........................................................................................................17

*Leer v. Murphy,*
   844 F.2d 628 (9th Cir. 1988) ......................................................................................13, 14

*Lister v. Schnitzius,*
   2007 WL 196756 (N.D. Cal.) .......................................................................................11, 12

*Malley v. Briggs,*
   475 U.S. 335 (1986)......................................................................................................10, 11

*Marks v. Clarke,*
   102 F.3d 1012 (9th Cir. 1997) ...............................................................................11, 12, 15

*Martin v. County of San Diego,*
   650 F.Supp.2d 1094 (S.D. Cal. 2009) ................................................................................18

*Monell v. Department of Social Services,*
   436 U.S. 658 (1978)...........................................................................................................14

*Muehler v. Mena,*
   544 U.S. 93 (2005)...............................................................................................................8

*Nathanson v. United States,*
   290 U.S. 41 (1933)...............................................................................................................9

*Onick v. Long,*
   154 Cal.App.2d 381 (1957) ................................................................................................16

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Johnson vs. County Of Contra Costa  C09-01241 WHA*
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

iii

*Perez v. Van Groningen & Sons, Inc.,*
    41 Cal.3d 962 (1986)............................................................................................16

*Poolaw v. Marcantel,*
    565 F.3d 721 (10th Cir. 2009) ............................................................................14

*Ramirez v. Butte-Silver Bow County, et al.,*
    298 F.3d 1022 (9th Cir. 2002), *aff'd,* 540 U.S. 551 (2004) .........................12, 14, 15

*Rowland v. Christian,* 69 Fal.2d 108, 111-112 ........................................................17

*United States v. Hove,*
    848 F.2d 137 (9th Cir. 1988) ...................................................................11, 12, 13

*United States v. Leon,*
    468 U.S. 897 (1984).................................................................................9, 12, 13

*United States v. Luong,*
    470 F.3d 898 (9th Cir. 2006) .......................................................................12, 13

**STATUTES**

California Civil Code § 52(b) .....................................................................................18

California Civil Code § 52.1 (Bane Act)...............................................................17, 18

Cal. Civ. Code § 1714(a).........................................................................................17

California Penal Code § 148 ......................................................................................7

**OTHER AUTHORITIES**

CACI 2000..............................................................................................................16

CACI 3700..............................................................................................................16

CACI 3905A............................................................................................................17

Article 1, section 13, of the California Constitution...................................................18

Constitution of the United States.......................................................................3, 9, 18

Fed.R.Civ.P. 56(c), (d)(2).........................................................................................8

Fourth Amendment .....................................................................................2, 8, 9, 18

Restatement (First) of Torts § 214 ...........................................................................16

42 U.S.C. § 1983..............................................................................................13, 14

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

**NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANTS COUNTY OF CONTRA COSTA, GARDNER AND MOULE**

Please take notice that on August 19, 2010 at 8:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable William H. Alsup, United States District Court Judge, in Courtroom 9, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102, plaintiffs will and hereby do move this Court to enter partial summary judgment against defendants County of Contra Costa and Contra Costa County Sheriff Sergeants Jeff Moule and Brian Gardner.

Specifically, plaintiffs move the Court to enter judgment finding defendants Moule and Gardner liable to plaintiffs on plaintiffs' First, Fourth, Ninth and Tenth Claims for Relief, finding defendant Moule liable to plaintiffs on plaintiffs' Second Claim for Relief, and finding the County of Contra Costa liable to plaintiffs on plaintiffs' Fourth, Ninth and Tenth Claims for Relief. This motion is brought pursuant to Federal Rules of Civil Procedure, Rule 56(d)(2), and is based on the Memorandum of Points and Authorities, below, and the Declaration of Karen L. Snell in Support of Plaintiffs' Motion for Partial Summary Judgment ("Snell Decl."), filed herewith. A proposed order granting plaintiffs' motion is filed herewith.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANTS COUNTY OF CONTRA COSTA, GARDNER AND MOULE**

**I.    ISSUES TO BE DECIDED**

1.    Was the search warrant for plaintiffs' home, 6 Winifred Court, Antioch, California, invalid?

2.    Would a reasonably well-trained officer in defendants Moule's and Gardner's position have known that the affidavit failed to establish probable cause and that he should not have applied for the warrant?

3.    Should summary judgment on liability be rendered to plaintiffs against defendant Gardner, who was the search warrant affiant and participated in the forcible entry into and search of plaintiffs' home, on plaintiffs' First, Fourth, Ninth and/or Tenth Claims for Relief?

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Johnson vs. County Of Contra Costa*   C09-01241 WHA
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

1

4.  Should summary judgment on liability be rendered to plaintiffs against Contra Costa County Sheriff Sergeant Jeff Moule, who was Gardner's supervisor, had a role in obtaining the warrant, and participated in the forcible entry into and search of plaintiffs' home, on plaintiffs' First, Second, Fourth, Ninth and/or Tenth Claims for Relief?

5.  Should summary judgment on liability be rendered to plaintiffs against The County of Contra Costa on plaintiffs' Fourth, Ninth and/or Tenth Claims for Relief?

## II.    INTRODUCTION

Plaintiffs move for partial summary judgment on liability against defendants Gardner and Moule on plaintiffs' First, Fourth, Ninth and/or Tenth Claims for Relief, and against defendant Moule on plaintiffs' Second Claim for Relief. They also move for partial summary judgment on liability against defendant County of Contra Costa on plaintiffs' Fourth, Ninth and Tenth Claims for Relief.

There is no genuine issue as to any material fact regarding defendants' liability on the specified Claims. The warrant defendants Gardner and Moule obtained to search 6 Winifred Court, Antioch, California, was not supported by probable cause, and a reasonably well-trained officer in the defendant officers' position would have known that the affidavit failed to establish probable cause and that he should not have applied for the warrant. Based on this invalid warrant, defendants Moule and Gardner and at least ten other law enforcement officers forcibly entered plaintiffs' home, seized plaintiffs, and searched plaintiffs and their home. At all relevant times, defendants Moule and Gardner were acting within the scope of their employment with the County of Contra Costa.

Defendant Moule's and defendant Gardner's entry into and search of plaintiffs' home and seizure of plaintiffs violated plaintiffs' Fourth Amendment rights, rendering these defendants liable to plaintiffs as alleged in plaintiffs' First Claim for Relief. As a supervisor, defendant Moule had a duty to ensure that the search team had a proper warrant and he failed to fulfill this duty, rendering him liable to plaintiffs as alleged in plaintiffs' Second Claim for

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Johnson vs. County Of Contra Costa*   C09-01241 WHA
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

2

1   Relief. Plaintiffs did not consent to defendants' entry into their home, and having no lawful

2   authority, defendants trespassed in doing so, rendering defendants Contra Costa County,

3   Moule and Gardner liable as alleged in plaintiffs' Fourth Claim for Relief. Defendants Moule

4   and Gardner were negligent in obtaining the invalid warrant, rendering defendants Contra

5   Costa County, Moule and Gardner liable as alleged in plaintiffs' Ninth Claim for Relief. During

6   the execution of the invalid warrant, plaintiffs' rights, secured by the Constitution of the United

7   States and the Constitution of this state, were interfered with by threats, intimidation, and/or

8   coercion, rendering defendants Contra Costa County, Moule and Gardner liable as alleged in

9   plaintiffs' Tenth Claim for Relief.

10          This Court should enter partial summary judgment finding defendants liable to plaintiffs

11   on the specified Claims.

12   **III.   STATEMENT OF FACTS**

13          A search warrant for plaintiffs' home, 6 Winifred Court, Antioch, California, was

14   obtained by defendants Gardner and Moule on March 14, 2008, while acting within the course

15   and scope of their employment with the Contra Costa County Sheriff's Department.

16   Defendant Gardner was working as a Contra Costa County Sheriff Detective.[1]   Snell Decl.,

17   Exhibit ("Exh.") A (excerpts of deposition of Detective Brian Gardner 8/17/09), pp. 12, 17-18.

18   Defendant Moule was working as a Contra Costa County Sheriff Sergeant. *Id.,* Exh. C

19   (excerpts of deposition of Sgt. Jeff Moule 8/17/09), pp. 23-24, 29-30.

20          Defendant Gardner was the affiant. *Id.,* Exhs. A, p. 18; B (excerpts of deposition of

21   Detective Brian Gardner 12/7/09), pp. 113-119. Defendant Gardner typed up the warrant

22   application, called the dispatch center, requested the on-call judge, received a call back from

23   Contra Costa County Superior Court Judge John Kennedy, and conveyed the warrant

24   application to Judge Kennedy by facsimile. *Id.,* Exhs. A, pp. 46-48, 50, 59-63; B, pp. 113-119;

25   139-155. He then waited for Judge Kennedy to fax back the signed warrant and the

26   documents it incorporated before heading to the scene to participate in the execution of the

27

28   ───────────────

[1] Defendant Gardner was a Corporal at the time of the incident, and is sued under that title, but has since been promoted to Sergeant. *Id.,* Exh. B, p. 112.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Johnson vs. County Of Contra Costa*   C09-01241 WHA
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

3

1   warrant. *Id.,* Exhs. A, pp. 88-90; B, pp. 145-146.

2       Defendant Moule was defendant Gardner's supervisor. *Id.,* Exh. A, p. 20. He was also

3   in charge of the search warrant.   *Id.,* Exhs. A, p. 20; C (excerpts of deposition of Sgt. Jeff

4   Moule 8/17/09), pp. 37-38, 43, 57-59. Defendant Moule had a role in obtaining the warrant to

5   enter 6 Winifred Court. Exhs. A, p. 38; C, pp. 29-32; D (excerpts of deposition of Sgt. Jeff

6   Moule 12/9/09), p. 69.   He relayed the surveillance officers' observations to defendant

7   Gardner, who included the information in his affidavit in support of the warrant. *Id.,* Exhs. A, p.

8   70, 73-74; C, pp. 15-17, 32, 59; D, p. 84. Defendant Moule was the person who made the

9   decision that there was sufficient probable cause to present the request for a search warrant

10   to a judge. *Id.* Defendant Moule also participated in the forced entry into and search of

11   plaintiffs' home. *Id.,* Exh. C, pp. 46-55. Defendant Moule did not read the warrant application

12   or the warrant before the warrant was submitted to the judge or executed. *Id.,* Exhs. A, p. 17;

13   B, p. 113.

14       Defendant Gardner's affidavit in support of the search warrant failed to provide *any*

15   reason to believe that evidence or contraband would be found in plaintiffs' home. *Id.,* Exh. E

16   (excerpts of Bates Stamped discovery produced by Contra Costa County Defendants), pp. CC

17   38-51.

18       The affidavit states that on March 14, 2008, the Contra Costa County Sheriff's Office

19   was involved in a joint drug trafficking investigation with the DEA, FBI, and several other

20   agencies, that had been ongoing for over a year. *Id.,* p. CC 41. Federal and state wiretaps

21   had identified Juan Alberto Espada-Morales as a drug supplier who, beginning in 2006, was

22   observed frequenting a residence located at 523 Harvey Way in Bay Point, California. *Id.* The

23   officers observed that Espada-Morales would stay no more than a day or two at the residence

24   before returning to his primary residence in southern California. *Id.*

25       The affidavit states that, in early March 2008, defendant Gardner received information

26   that Espada-Morales's supplier had received a large shipment of drugs, and that a large

27   portion of that shipment was destined for San Francisco.   *Id.,* p. CC 47.   The officers

28   conducted surveillance of 523 Harvey Way, and on the afternoon of March 13, 2008, they saw

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

1    the garage door open and a blue Honda mini-van ("van") drive inside. *Id.* A short while later,

2    the van pulled out of the driveway and a man the officers believed to be Espada-Morales

3    traveled to the post office and a 7-11, and then back to the house. *Id.,* pp. CC 47-48. At 5:38

4    p.m., the van pulled out again. *Id.,* p. CC 48. The officers followed the van to 2209 Lynbrook

5    Drive in Pittsburg. *Id.* The van pulled into the open garage of the location, and the garage

6    door closed. *Id.* The van remained in the closed garage for approximately 21 minutes, and

7    then pulled out. *Id.*

8         The officers followed the van, lost it, then saw it arrive at 523 Harvey Way at 7:20 p.m.

9    *Id.* The van pulled out again 10 minutes later, and was followed to 705 Bounty Way in Bay

10   Point. *Id.* The van left that location after a few minutes and went to a strip mall, where the

11   driver entered a restaurant. *Id.,* pp. CC 48-49. After he exited, the van was followed to 2925

12   Longview Drive in Antioch. *Id.,* p. CC 49. The driver was observed entering the residence,

13   and he remained there for approximately 10 minutes. *Id.* He then drove away from that

14   location. *Id.*

15        The officers then followed the van to Winifred Court in Antioch, California. *Id.*

16   According to the affidavit, "the van parked on the street and the driver exited. **It was**

17   **undetermined which residence the driver of the van went into.**" *Id.* (emphasis added).

18   The van departed Winifred Ct. approximately 30 minutes later. *Id.*

19        At approximately 12:40 a.m. on March 14, 2008, defendant Gardner applied to Contra

20   Costa County Superior Court Judge John Kennedy for a telephonic warrant authorizing the

21   defendants to search 2209 Lynbrook Drive, Pittsburg, California. *Id.,* pp. CC 19-21; CC 41-51.

22   Defendant Gardner stated in his application that he believed that the van driver's behavior was

23   consistent with the delivery of illegal drugs, and "that evidence of the drug transactions will be

24   located at 2209 Lynbrook Drive in Pittsburg, CA." *Id.,* p. CC 50. The warrant was signed by

25   Judge Kennedy at 1:00 a.m. *Id.,* pp. CC 16-19. The warrant was executed at 1:47 a.m. *Id.,* p.

26   CC 38. Several pounds of suspected methamphetamine and cocaine were recovered at 2209

27   Lynbrook Drive. *Id.*

28        At approximately 3:30 a.m., defendant Gardner applied to Judge Kennedy for a warrant

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

1   to search additional locations.  *Id.,* pp. CC 5-13, 38-51.  His warrant application incorporated

2   the Sealed Portion/Statement of Probable Cause he had submitted in support of the warrant

3   for 2209 Lynbrook Drive. *Id.,* Exhs. B, p. 143; E, pp. CC 38.  It also included a new Sealed

4   Portion/Statement of Probable Cause in which he wrote, "I believe the locations [Espada-

5   Morales] was observed traveling too (sic) will lead to the discovery of additional drug

6   quantities.  The locations are listed in attachment A of this search warrant." *Id.,* Exh. E, pp.

7   CC 38-39.  Attachment A listed the following locations:  705 Treasure Drive in Bay Point; 2925

8   Longview Drive in Antioch, and 6 Winifred Court in Antioch. *Id.,* p. CC 8.  Defendant Gardner

9   provided no additional facts in support of probable cause to search *6 Winifred Court.*

10       At 3:50 a.m., Judge Kennedy signed the warrant for 6 Winifred Court. *Id.,* pp. CC 1-4.

11  On the front page of the warrant, Judge Kennedy wrote:  "This proof includes the information

12  contained in the affidavit in support of the search warrant for 2209 Lynbrook Drive, Pittsburg,

13  which is attached to and incorporated by reference in this search warrant." *Id.,* p. CC 1.

14       At approximately 4:38 a.m., Lance Johnson and his son, Arthur Lee, were awakened

15  when a dozen law enforcement agents, led by defendants Moule and Gardner, smashed

16  through their front door.  Snell Decl., Exhs. A, pp. 20-23, 83-84; C, p. 53; F (excerpts of

17  deposition of Lance Johnson), pp. 50-56; G (excerpts of deposition of Arthur Lee), pp. 15-22;

18  H (excerpts of deposition of former Contra Costa County Sheriff's Detective Leslie Severe),

19  pp. 21-27.  All of the officers were armed and had their guns drawn. *Id.,* Exhs. A, p. 81; C, pp.

20  42-43.

21       Immediately upon entering, defendants, including Contra Costa County Sheriff

22  Detective Chris Martinez and Antioch Police Detectives Josh Vincelet and Michael Mortimer,

23  used force against plaintiffs.[2] *Id.,* Exhs. I (excerpts of deposition of Contra Costa County

24  Sheriff's Detective Martinez), pp. 38-44; J (excerpts of deposition of Antioch Detective

25  Vincelet), pp. 68-86; K (excerpts of deposition of Antioch Detective Mortimer), pp. 35-39.

26

27

28

---

[2] Plaintiffs' Complaint alleges that these defendants used excessive force.  Plaintiffs also allege that all
defendants violated the Fourth Amendment's knock notice requirement.  There are disputed issues of
material fact concerning these claims, and for this reason they are not the subject of this motion.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

1   Lance Johnson suffered acute multiple contusions and acute taser wounds to the abdomen,

2   which required emergency medical care. *Id.,* Exh. L (American Medical Response records).

3   Several other defendants detained Josephine Johnson and Arthur Lee.  Josephine Johnson

4   was handcuffed and her movements were restricted throughout the time defendants remained

5   in plaintiffs' home.  *Id.,* Exh. M (excerpts of deposition of Josephine Johnson), p. 17-20, 49-50.

6   Arthur Lee was told to get on the ground by defendants, who held him down with their boots,

7   handcuffed him, and restricted his movements throughout the time defendants remained in

8   plaintiffs' home.   *Id.,* Exh. G, pp. 24-26, 52.   Both Josephine Johnson and Arthur Lee

9   witnessed defendants Martinez, Vincelet, Mortimer and others beating Lance Johnson and

10  were in fear for his life. *Id.,* Exhs. G, p. 27-39; K, pp. 24-27.

11          After detaining plaintiffs, defendants conducted a thorough search of plaintiffs, their

12  residence, and their possessions. *Id.,* Exh. H, pp. 19, 41-48. Defendants then called an

13  ambulance to transport Lance Johnson to the hospital, and proceeded to interrogate

14  Josephine Johnson and Arthur Lee. *Id.,* pp. 41-48. Both were cooperative and truthful. *Id.,*

15  pp. 36, 41-48. Mr. Lee volunteered that he had a plastic baggie with the residue of an ecstasy

16  tablet in his pants pocket. *Id.* No other contraband or evidence was recovered. *Id.,* pp. 47-48.

17  Officers remained in plaintiffs' home for a minimum of forty-five minutes to an hour. *Id.,* Exh.

18  H, p. 53. The hospital records show that Lance Johnson suffered "[a]cute multiple contusions

19  secondary to altercation" and "[a]cute taser wounds to the abdomen." *Id.,* Exh. L, p. 8.

20          The district attorney declined to prosecute Arthur Lee due to lack of evidence. *Id.,* Exh.

21  E, p. CC 25. Josephine Johnson was never considered a "suspect," and was not charged with

22  any crime.  Defendants recommended that Lance Johnson be charged with violating California

23  Penal Code § 148, resisting arrest, but the district attorney declined to prosecute due to lack of

24  evidence. *Id.,* p. CC 26.

25          The search of 6 Winifred Court did not yield the "large quantities of drugs" defendants

26  were seeking. *See id.,* p. CC 38.  However, the surveillance of 523 Harvey Way and the van

27  believed to be driven by Espada-Morales continued, and two days after defendants searched

28  plaintiffs' home and seized plaintiffs, they observed the van return to Winifred Court. *Id.,* pp.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Johnson vs. County Of Contra Costa*   C09-01241 WHA
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT                    7

1   CC 52-54.  This time they saw which residence the driver entered.  *Id.*  It was 5 Winifred Court.

2   *Id.*  Defendant Ken Westermann proceeded to obtain a warrant to search 5 Winifred Court

3   from Judge Kennedy, which was executed on March 17th.  *Id.,* Exh. N (Detective

4   Westermann's police report).  No subjects were located inside the residence.  *Id.*  However,

5   the officers did find pay-owe sheets and two pounds of methamphetamine.  *Id.*

6

7   **IV.   SUMMARY JUDGMENT SHOULD BE RENDERED ON LIABILITY ON PLAINTIFFS' FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS MOULE AND GARDNER**

8

9   **A.   Legal Standard**

10      The Federal Rules of Civil Procedure provide for summary adjudication when "the

11  pleadings, depositions, answers to interrogatories, and admissions on file, together with

12  affidavits, if any, show that there is no genuine issue as to any material fact and that the

13  moving party is entitled to a judgment as a matter of law.  Fed.R.Civ.P. 56(c).  The Rules

14  further provide that "interlocutory summary judgment may be rendered on liability alone, even

15  if there is a genuine issue on the amount of damages."  Fed.R.Civ.P. 56(d)(2).

16      The court may determine, as a matter of law, that defendants violated plaintiffs' rights

17  under the Fourth Amendment.  Where the facts are undisputed, the sole issue is a legal one:

18  whether the actions of the officers were objectively reasonable.  *Muehler v. Mena,* 544 U.S.

19  93, 98, n.1 (2005) (whether facts establish a Fourth Amendment violation is a legal

20  conclusion); *Jackson v. City of Bremerton* 268 F.3d 646, 651 (9th Cir. 2001).

21  **B.   The Warrant Was Invalid**

22      The Fourth Amendment provides that:

23              The right of the people to be secure in their persons, houses,
24              papers and effects, against unreasonable searches and
                seizures, shall not be violated, and no warrants shall issue, but
25              upon probable cause, supported by oath or affirmation, and
                particularly describing the place to be searched, and the persons
26              or things to be seized.

27  U.S. Const. amend. IV.

28

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

1    It is a basic principle of Fourth Amendment law that searches and seizures inside a
2  home without a warrant are presumptively unreasonable and therefore unconstitutional.  *Groh*
3  *v. Ramirez,* 540 U.S. 551, 559 (2004).  When a warrant is obviously deficient, the Supreme
4  Court regards the search as "warrantless" within the meaning of the caselaw.  *Groh v.*
5  *Ramirez,* 540 U.S. at 558.

6    In reviewing a warrant, the reviewing court must review the affidavit, and insure that the
7  warrant was based on probable cause and that there was a substantial basis for the state
8  court judge's finding of probable cause.  *Illinois v. Gates,* 462 U.S. 213, 238 (1983); *United*
9  *States v. Leon,* 468 U.S. 897 (1984).  Probable cause exists when, under the totality of the
10  circumstances, "there is a fair probability that contraband or evidence of a crime will be found
11  in a particular place." *Illinois v. Gates,* 462 U.S. at 238.  A warrant may not "rest upon mere
12  affirmance of suspicion or belief without disclosure of supporting facts or circumstances."
13  *Nathanson v. United States,* 290 U.S. 41, 47 (1933); *see also Gates,* 462 U.S. at 239 (citing
14  *Nathanson* with approval).

15    Because the probable cause requirement is set forth in the text of the Constitution, no
16  reasonable officer could believe that a warrant that plainly did not comply with that requirement
17  was valid.  *See Groh v. Ramirez,* 540 U.S. at 563-564.

18    The affidavit in this case states that "**It was undetermined which residence [on**
19  **Winifred Court] the driver of the van went into.**"  *Id.*, CC 49 (emphasis added).  The
20  application provides no facts to justify the conclusion that evidence or contraband would be
21  found at 6 Winifred Court.  Clearly, there was not a substantial basis for Judge Kennedy to find
22  probable cause to issue the warrant for 6 Winifred Court, and no reasonable officer could
23  believe that the facts defendants presented to Judge Kennedy established probable cause to
24  search 6 Winifred Court.  Indeed, *these defendants do not believe they do.*  Snell Decl., Exh.
25  B, pp. 155; Exh. D, pp. 114.

26    The warrant for 6 Winifred Court was indisputably invalid, and the execution of the
27  invalid warrant violated plaintiffs' Fourth Amendment rights.  Defendants Moule and Gardner
28  unlawfully entered and searched plaintiffs' home, seized plaintiffs, and caused other

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Johnson vs. County Of Contra Costa*   C09-01241 WHA
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

9

1   defendants to do so.  Plaintiffs ask this Court to find Defendants Moule and Gardner liable to

2   plaintiffs for damages on their First Claim for Relief.

3   **C.   Obtaining A Warrant Does Not Immunize An Officer From Liability Where A
       Reasonably Well-Trained Officer Would Have Known That The Warrant Was
4      Not Supported By Probable Cause**

5       Defendants will argue that they are entitled to qualified immunity because a judge

6   reviewed the affidavit and signed the warrant.  However, it is well established that obtaining a

7   warrant does not immunize an officer from liability when a reasonably well-trained officer in the

8   defendant officer's position would have known that the affidavit failed to establish probable

9   cause and that he should not have applied for the warrant.  *Malley v. Briggs,* 475 U.S. 335,

10  344-345 (1986).   The Ninth Circuit has repeatedly emphasized the distinction between

11  warrants with "disputable probable cause," where reliance on magistrate approval is

12  reasonable, "and warrants so lacking in probable cause that no reasonable officer would view

13  them as valid," where reliance on magistrate approval is unavailing.  *KRL v. Estate of Moore,*

14  512 F.3d 1184, 1190 (9th Cir. 2008).

15      In *Malley v. Briggs,* the plaintiffs alleged that a state trooper and the state of Rhode

16  Island had violated their rights under the Fourth and Fourteenth Amendments in applying for a

17  warrant to arrest them.  The trooper argued that he was entitled to immunity because he had

18  obtained a warrant from a judge.  The Supreme Court rejected the trooper's claim, finding that

19  neither the common law nor public policy affords any support for absolute immunity for officers

20  who apply for search and arrest warrants, and that the trooper could not avoid liability under

21  the rule of qualified immunity if a reasonably well-trained officer in the trooper's position would

22  have known that his affidavit failed to establish probable cause and that he should not have

23  applied for the warrant.  *Malley,* 475 U.S. at 340-346.  The Court explained that where a

24  reasonably well-trained officer would have known that the affidavit failed to establish probable

25  cause, an officer's application for a warrant is not objectively reasonable, because it creates

26  the unnecessary danger of an unlawful arrest.  *Id.* at 345-346.  The Court continued:

27

28              It is true that in an ideal system an unreasonable request for a
                warrant would be harmless, because no judge would approve it.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

> But ours is not an ideal system and it is possible that a magistrate, working under docket pressures, will fail to perform as a magistrate should.   We find it reasonable to require the officer applying for the warrant to minimize this danger by exercising reasonable professional judgment.

*Id.   See also id.* at 346 n.9.(Officers "cannot excuse [their] own default by pointing to the greater incompetence of the magistrate.").

In *Marks v. Clarke,* 102 F.3d 1012 (9th Cir. 1997), the Ninth Circuit affirmed the district court's grant of partial summary judgment to plaintiffs who alleged they were subjected to unlawful searches because the warrant failed to establish probable cause.   The warrant authorized the search of "any persons on the premises." The court found that neither the officers who applied for the warrant nor their supervisors who authorized them to apply for the warrant could have harbored an objectively reasonable belief that  probable cause to search all such persons was shown.   *Marks,* 102 F.3d at 1024-1025.   The court denied the defendants qualified immunity both for their actions in searching the persons present on the premises, and for instructing other officers to conduct searches of such people.   *Id.* at 1028. Additionally, the court affirmed the district court's grant of partial summary judgment to plaintiffs on the liability of the officers who conducted searches of persons other than those as to whom the affidavit in support of the warrant established probable cause.   *Id.* at 1035.

In *United States v. Hove,* 848 F.2d 137 (9th Cir. 1988), the Ninth Circuit reviewed a search warrant that suffered from the same deficiency suffered by the warrant for 6 Winifred Court:   the affidavit in support of the warrant simply listed the defendant's address as a location to be searched, without stating facts sufficient to justify the conclusion that evidence or contraband would probably be found at there.   *Hove,* 848 F.2d at 139-140.   The Ninth Circuit found the affidavit so deficient that "any official belief in the existence of probable cause must be considered unreasonable," and ruled the warrant invalid.   *Id.*

In *Lister v. Schnitzius,* 2007 WL 196756 (N.D. Cal.), United States District Court Judge Susan Illston granted a civil rights plaintiff's motion for partial summary judgment on liability based on *Hove. Lister* bears striking similarities to this case.   In *Lister,* as in this case, the

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Johnson vs. County Of Contra Costa*   C09-01241 WHA
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

1   plaintiff argued that the search warrant the defendants had obtained was not supported by

2   probable cause.  In *Lister,* as in this case, the search warrant was signed by Contra Costa

3   County Superior Court Judge John Kennedy.  After examining the application in support of the

4   warrant, Judge Illston concluded that it did not establish probable cause to believe that

5   evidence of a crime or contraband would be found in the plaintiff's home, and granted the

6   plaintiff's motion for partial summary judgment on liability.  Judge Illston pointed out that the

7   *Leon* good faith exception to the warrant requirement does not apply to the execution of a

8   facially invalid search warrant.  *Lister, id.,* at *5-6, citing *Hove,* 848 F.2d at 140.   The

9   undisputed facts of this case dictate the same conclusion.

**D.     Both The Affiant And The Search Leader Are Liable When A Reasonably Well Trained Officer Would Have Known That The Warrant Was Invalid**

12          Ninth Circuit case law makes clear that both the affiant officer and the search leader

13   are liable for damages caused by the execution of an unlawful warrant when a reasonably

14   well-trained officer would have known that the warrant application was so lacking in indicia of

15   probable cause as to render official belief in its existence unreasonable.  *KRL, et al. v. Estate

16   of Moore,* 512 F.3d at 1189-1193; *Ramirez v. Butte-Silver Bow County, et al.,* 298 F.3d 1022,

17   1027-28 (9th Cir. 2002), *aff'd,* 540 U.S. 551 (2004); *Marks v. Clarke,* 102 F.3d at 1024-1025.

**E.     It Is Improper To Consider Facts That Were Not Included In The Affidavit In Evaluating The Validity Of A Warrant**

19          Defendant Gardner does not recall providing Judge Kennedy with any additional

20   information other than what is included in his affidavit.  Snell Decl., Exh. B, pp. 118-119.  But

21   even if he had, it would be irrelevant to the determination of these defendants' liability.  The

22   Ninth Circuit has repeatedly held that in evaluating the validity of a warrant, it is improper for

23   the reviewing court to consider facts that were not included in the affidavit.  *United States v.

24   Luong,* 470 F.3d 898 (9th Cir. 2006); *Hove,* 848 F.2d at 140 ("The *Leon* test for good faith

25   reliance is clearly an objective one and it is based solely on facts presented to the

26   magistrate."), *citing United States v. Leon,* 468 U.S. 897.

27          In *Luong,* the government conceded that the affidavit in support of the warrant was

28   lacking in indicia of probable cause, but asked the court to consider facts orally conveyed to

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Johnson vs. County Of Contra Costa*   C09-01241 WHA
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

12

1  the magistrate in order to generate a colorable theory of probable cause. *Luong,* 470 F.3d at

2  904. The Ninth Circuit rejected the government's request. The court explained:

3

4

5

6

7

8

9

10

> This Court has repeatedly held that "[a]ll data necessary to show probable cause for the issuance of a search warrant must be contained within the four corners of a written affidavit given under oath." [Citations omitted.] Where the affidavit itself lacks *all* indicia of probable cause, it would unduly undermine the foregoing rule to permit extrinsic indicia of probable cause to be presented through an unsworn, unrecorded oral colloquy. Related to the foregoing, the Constitution also requires that probable cause be established "by Oath or affirmation." If unsworn, unrecorded oral colloquies, which may not be used to establish probable cause, *are* admissible to establish good faith, the constitutional and prudential standards for showing probable cause will be undermined. In effect, the good faith exception would swallow the Fourth Amendment rule.

11  *Id.* at 904-905.

12       If information orally conveyed to the magistrate who issued the warrant cannot be

13  considered, then facts that were not conveyed to the magistrate who issued the warrant clearly

14  cannot. *Hove,* 848 F.2d at 140. In *Hove,* the Ninth Circuit declined to consider additional facts

15  known to the officer but not conveyed to the magistrate, reasoning that the *Leon* good faith

16  test "is based solely on facts presented to the magistrate," and "*Leon* does not extend . . . to

17  allow the consideration of facts known only to an officer and not presented to the magistrate."

18  *Id.*

19  **F.    Defendants Are Liable To Plaintiffs For All Damages Resulting From The Execution Of The Invalid Warrant**

20

21       "A person deprives another 'of a constitutional right, within the meaning of section

22  1983, if he does an affirmative act, participates in another's affirmative acts, or omits to

23  perform an act which he is legally required to do that *causes* the deprivation of which [the

24  plaintiff complains.'" *Leer v. Murphy,* 844 F.2d 628, 633 (9th Cir. 1988) (emphasis in the

25  original) (quoting *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978). A plaintiff can show the

26  causal connection by showing direct participation in the event, or by "setting in motion a series

27  of acts by others that the plaintiff knows or reasonably should know would cause others to

28  inflict the constitutional injury." *Johnson,* 588 F.2d at 743-744. To determine causation, courts

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

1   engage in individualized and focused inquiry into the duties and responsibilities of each

2   defendant who is alleged to have caused a constitutional deprivation. *Leer,* 844 F.2d at 633.

3          Plaintiffs should be granted summary judgment as to liability against defendants Moule

4   and Gardner for the damages caused by the execution of the invalid search warrant,

5   regardless of whether they were inflicted by Moule and Gardner personally, or by other officers

6   they caused to execute the warrant, as these officers' conduct – breaking open plaintiffs' door,

7   entering plaintiffs' home, using force against plaintiffs, handcuffing plaintiffs, detaining and

8   arresting plaintiffs, searching plaintiffs, their property, and their home -- was reasonably

9   foreseeable. *See Johnson,* 588 F.2d at 743-744. *See also Poolaw v. Marcantel,* 565 F.3d

10  721, 732-733 (10th Cir. 2009)(officers who ordered search and swore out affidavit could be

11  liable under § 1983 even though they were not present during execution of search warrant).

12  **V.    SUMMARY JUDGMENT SHOULD BE RENDERED ON LIABILITY ON**
13  **      PLAINTIFFS' SECOND CLAIM FOR RELIEF AGAINST DEFENDANT MOULE**

14          Under Section 1983, supervisors are not subject to vicarious liability, but they are liable

15  for their own conduct. *Monell v. Department of Social Services,* 436 U.S. 658, 694 n. 58

16  (1978). The causal link between the supervisor's conduct and the deprivation of a right is key

17  because "[a]nyone who 'causes' any citizen to be subjected to a constitutional deprivation is

18  also liable." *Johnson v. Duffy,* 588 F.2d at 743.

19          In *Ramirez v. Butte-Silver Bow County,* the Ninth Circuit explained that the search

20  leader is liable for damages caused by the execution of an invalid warrant because the officer

21  who leads the team that executes a warrant is responsible for ensuring that the team has

22  lawful authority for their actions. *Ramirez,* 289 F.3d at 1027. The court continued:

23                  A key aspect of this responsibility is making sure that they have
                    a proper warrant that in fact authorizes the search and seizure
24                  they are about to conduct. The leaders of the expedition may
                    not simply assume that the warrant authorizes the search and
25                  seizure. Rather, they must actually read the warrant and satisfy
                    themselves that they understand its scope and limitations, and
26                  that it is not defective in some obvious way.

27

28

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

1   *Id* at 1027.  *See also Marks v. Clarke,* 102 F.3d at 1012 (Ninth Circuit affirms the denial of

2   immunity to officers who were involved in "obtaining" an overbroad search warrant, a group

3   that included the officers who applied for the warrant and the two superior officers who

4   authorized them to apply for the warrant.).

5       It is undisputed that Sergeant Moule was in charge of the search warrant.  Snell Decl.,

6   Exhs. A, p. 20; C, pp. 37-38, 43, 57-59.  In addition, he was defendant Gardner's supervisor

7   (*id.,* Exh. A, p. 20); he had a role in obtaining the warrant for 6 Winifred Court (*id.,* Exhs. A, pp.

8   38, 70, 73-74; C, pp. 15-17, 29-32, 59; D, pp. 69, 84); he was the person who made the

9   decision that there was sufficient probable cause to present the request for a search warrant

10  to a judge (*id.*); and he participated in the forced entry into and search of plaintiffs' home.  *Id.,*

11  Exh. C, pp. 46-55.  Defendant Moule's own actions render him liable to plaintiffs on their First

12  and Second Claims for relief.

13      In *Ramirez,* the team leader did not read the warrant after the magistrate issued it and

14  before he began the search.  298 F.3d at 1028.  The same is true in this case.  In *Ramirez*

15  the court found that had the team leader done so, he would surely have realized that it did not

16  contain a list of items to be seized and was therefore facially defective.  He would then have

17  been able to correct the error before going forward with the search.  *Id.*  Consequently, he was

18  liable for the damages caused by the unlawful search.  *Id.*  The same is true here.

19      Defendant Moule failed to carry out his responsibility to ensure that the officers had

20  lawful authority for their actions.  The Court should enter summary judgment against him as to

21  liability on plaintiffs Second Claim for Relief.

22  **VI.     SUMMARY JUDGMENT SHOULD BE RENDERED ON LIABILITY ON**
23  **PLAINTIFFS' FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS COUNTY**
**OF CONTRA COSTA, MOULE AND GARDNER**

24      Plaintiffs' Fourth Claim for Relief is for trespass.  In California, a plaintiff who claims

25  that a defendant trespassed on his or her property must prove:  (1)  that the plaintiff owned,

26  leased, occupied or controlled the property; (2)  that the defendant intentionally, recklessly, or

27  negligently entered the plaintiff's property or caused another person to enter the property; (3)

28  that the plaintiff did not give permission for the entry or that the defendant exceeded the

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Johnson vs. County Of Contra Costa*   C09-01241 WHA
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT                     15

plaintiff's permission; (4)  that the plaintiff was actually harmed; and (5)  that the defendant's entry or conduct was a substantial factor in causing the plaintiff's harm.  Judicial Council of California Advisory Committee on Civil Jury Instructions, CACI 2000 Trespass (February 2010 Supplement).  *See Onick v. Long,* 154 Cal.App.2d 381, 387-388 (1957); Restatement (First) of Torts § 214 (An actor who has exercised any privilege to enter in an unreasonable manner is subject to liability for any harm to a legally protected interest of another caused by such unreasonable conduct.).  A plaintiff may seek nominal damages as an alternative to actual damages, in which case the jury is instructed that the law assumes that a plaintiff has been harmed if the plaintiff proves (1) through (3).  CACI 2000 Trespass.

It is undisputed that plaintiffs leased, occupied and controlled 6 Winifred Court.  It is also undisputed that defendants Gardner and Moule intentionally entered the plaintiff's property and caused other people to enter the property and did not have plaintiffs' consent to enter their home.  Plaintiffs incorporate the arguments above, which establish that defendants did not have lawful authority to enter their home.

Having proved the first three elements of trespass, the law presumes that plaintiffs were actually harmed and that defendants' entry and conduct was a substantial factor in causing the plaintiffs' harm.  Plaintiffs are therefore entitled to summary judgment on liability against defendants Gardner and Moule on plaintiffs' Fourth Claim for Relief.

In California, an employer is responsible for harm caused by the wrongful conduct of his employees while acting within the scope of their employment or authority.  Judicial Council of California Civil Jury Instructions, Vicarious Liability, CACI 3700; *Perez v. Van Groningen & Sons, Inc.,* 41 Cal.3d 962, 967 (1986).  It is undisputed that defendants Moule and Gardner were acting within the scope of their employment with the County of Contra Costa at the time of the events underlying plaintiffs' Fourth, Ninth and Tenth Claims for Relief.  Plaintiffs are therefore entitled to summary judgment on liability against defendant County of Contra Costa on these Claims.

**VII.  SUMMARY JUDGMENT SHOULD BE RENDERED ON LIABILITY ON PLAINTIFFS' NINTH CLAIM FOR RELIEF AGAINST DEFENDANTS COUNTY OF CONTRA COSTA, MOULE AND GARDNER**

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

1   California Civil Code section 1714(a) provides, in part: "Everyone is responsible, not

2   only for the result of his or her willful acts, but also for an injury occasioned to another by his or

3   her want of ordinary care or skill in the management of his or her property or person, except so

4   far as the latter has, willfully or by want of ordinary care, brought the injury upon himself or

5   herself." Cal. Civ. Code § 1714. This statute is the foundation of negligence law in California.

6   *Rowland v. Christian,* 69 Fal.2d 108, 111-112 (1968). The basic elements of a negligence

7   action are: (1) the defendant had a legal duty to conform to a standard of conduct to protect

8   the plaintiff; (2) the defendant failed to meet this standard of conduct; (3) the defendant's

9   failure was the proximate or legal cause of the resulting injury; and (4) the plaintiff was

10  damaged. *Ladd v. County of San Mateo,* 12 Cal.4th 913, 917 (1996). The issue of whether a

11  legal duty exists is an issue of law, not an issue of fact for the jury. *Kentucky Fried Chicken of*

12  *Cal. v. Superior Court,* 14 Cal.4th 814, 819 (1997). Under California law, non-economic as well

13  as economic damages are recoverable. Non-economic damages include, but are not limited

14  to, past and future physical pain, mental suffering, loss of enjoyment of life, inconvenience,

15  grief, anxiety, humiliation, and emotional distress. CACI 3905A.

16   As explained above, defendants Moule and Gardner had a legal duty to provide

17  probable cause to believe that evidence or contraband would be found in the particular place

18  to be searched in the warrant application. They failed to conform to the standard of conduct

19  required to protect the plaintiffs and their failure was the proximate cause of the plaintiffs'

20  resulting injuries. Defendants acted negligently, and summary judgment on liability should be

21  granted to plaintiffs against defendants County of Contra Costa, Moule and Gardner on

22  plaintiffs' Ninth Claim for Relief.

23  **VIII.   SUMMARY JUDGMENT SHOULD BE RENDERED ON LIABILITY ON
     PLAINTIFFS' TENTH CLAIM FOR RELIEF AGAINST DEFENDANTS COUNTY**

24  **OF CONTRA COSTA, MOULE AND GARDNER**

25   The Bane Act, California Civil Code section 52.1, provides, in part:

26

27        (b)   Any individual whose exercise or enjoyment of rights
          secured by the Constitution or laws of the United States, or of

28        the rights secured by the Constitution or laws of this state, has
          been interfered with, or attempted to be interfered with [by

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

threats, intimidation, or coercion] may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52 . . . .

Cal. Civ. Code § 52.1. California Civil Code section 52(b) provides that a person found liable under section 52.1 is liable for an amount to be determined by a jury, or a court sitting without a jury, for exemplary damages, a civil penalty of $25,000, and attorney's fees. Cal. Civ. Code § 52(b).

Defendants used coercion and intimidation and interfered with and threatened to interfere with the plaintiffs' rights guaranteed by the Fourth Amendment to the United States Constitution and Article 1, section 13, of the California Constitution, thereby violating the Bane Act. *See Martin v. County of San Diego,* 650 F.Supp.2d 1094, 1108-09 (S.D. Cal. 2009). Summary judgment on liability should be granted to plaintiffs against defendants County of Contra Costa, Moule and Gardner on plaintiffs' Tenth Claim for Relief.

## IX.   CONCLUSION

Detective Gardner and Sergeant Moule, both of whom were acting within the course and scope of their employment with the County of Contra Costa, are responsible for obtaining and executing an invalid warrant to search plaintiffs' home. Detective Gardner's affidavit in support of the warrant provides no facts connecting 6 Winifred Court to any criminal activity. A reasonable officer would not have applied for a warrant for 6 Winifred Court. A reasonable leader would not have allowed entry and search teams to enter a home based on this warrant. Plaintiffs are entitled to partial summary judgment against defendants Gardner and Moule as to liability for all claims arising out of the execution of the invalid warrant, and to summary judgment against the County of Contra Costa on the specified state law claims.

Respectfully submitted,

Dated: July 13, 2010

                _/s/ - "Karen Snell, Esq."_____
Karen Snell, Esq.
Attorney for Plaintiffs

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Johnson vs. County Of Contra Costa*   C09-01241 WHA
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

18